CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ZACHARY M. GLIMCHER (CABN 308053)
Special Assistant United States Attorney

  1301 Clay Street, Suite 340S
  Oakland, California 94612
  Telephone: (510) 637-3680
  FAX: (510) 637-3724
  Zachary.Glimcher@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-mj-70977-MAG |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER |
| v. | |
| MARK ALLEN, | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a) and (b)(1)(C). Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

  1.  Personal Identifying Information of any individual (other than his or her name), including
      any person's date of birth, social security number, residence address, telephone numbers,

email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information");

2.  Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information"); and

3.  Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information. The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees, and independent contractors (collectively, "the Defense Team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to any discovery material produced by the government that contains Protected Information, unless the Protected Information has first been **entirely redacted** from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

The Defense Team may show witnesses Protected Information in the course of preparing a defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their participation in the underlying events or conduct, would have seen or had reason to know such information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with

1  or show the witness Protected Information.  Witnesses may only view Protected Information in the

2  presence of the Defense Team.  No witness or potential witness may retain copies of discovery material

3  that contains Protected Information after his or her review of those materials with the Defense Team is

4  complete.

5          Defense counsel may also provide unredacted copies of Protected Information to any experts

6  retained to assist with the preparation of the defense in the captioned case.  The defendant, all members

7  of the Defense Team, and any experts who receive Protected Information under this Order shall be

8  provided a copy of this Order along with those materials and shall sign and date in writing their

9  agreement to be bound by it.

10         The Defense Team shall maintain Protected Information safely and securely, and shall exercise

11  reasonable care in ensuring the confidentiality of those materials by not divulging the contents or

12  permitting anyone to see Protected Information except as set forth in this Protective Order.

13         The materials provided pursuant to this protective order may only be used for the specific

14  purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

15         This Order shall also apply to any copies made of any materials covered by this Order.

16         **IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected

17  Information subject to this Order, the Protected Information must be filed under seal (accompanied by a

18  request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

19         **IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there

20  are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant

21  upon request of government counsel shall either destroy discovery materials containing Protected

22  Information (including any copies) within 30 days if the defendant consents to such destruction, or retain

23  the Protected Information and ensure that the Protected Information will continue being kept under the

24  conditions specified in this Order.  After the statutory period for filing a motion under 28 U.S.C. § 2255

25  has expired, the United States is free to destroy documents and materials subject to this Order.  If

26  defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States

27  will provide counsel with the documents and materials subject to this Protective Order under the terms

28  of this Order.

U.S. v. MARK ALLEN
25-mj-70977 MAG

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

CRAIG H. MISSAKIAN
United States Attorney

Dated: August 19, 2025

___/s/_____
ZACHARY M. GLIMCHER
Special Assistant United States Attorney

___/s/_____
ANAIS CARELL
Counsel for Defendant MARK ALLEN

**IT IS SO ORDERED.**

Dated: August 20, 2025



_____
DONNA M. RYU
Chief United States Magistrate Judge

By signing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:

| SIGNATURE | DATE |
|-----------|------|
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |
|           |      |